# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID MARSHALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV420-198 |
| | ) | |
| SHERIFF JOHN T. WILCHER, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner David Marshall has filed the instant petition for release from state custody, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1. He has also moved to proceed *in forma pauperis*. *See* doc. 2. As he appears to be indigent, that Motion is **GRANTED**. *Id.* The Court will, therefore, proceed to screen the petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

Marshall's Petition states that he is a pretrial detainee in the custody of the Sheriff of Chatham County, Georgia. *See* doc. 1 at 1. He asserts that his continued detention, pending trial, violates his constitutional right to a speedy trial, his right to due process, and his Eighth Amendment rights. *See id.* at 6. The petition also makes clear that he has not taken any step to challenge his continued detention in any state proceeding. *See id.* at 2 (checking "No," in response to the form petition's question "Did you appeal the decision, file a grievance, or seek an administrative remedy?" and explicitly stating "This is my first action taken."). He asks that he be released on "a O.R. Bond until trial or [his] case be herd for a reduction in charges and credit time [served] be given." *Id.* at 7.

The Eleventh Circuit has recently made it explicitly clear that "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The Court explained that exhaustion has two essential elements: (1) "a federal claim must be fairly presented to the state courts," and (2) "a prisoner must take his claim to the state's highest court, either on direct appeal or collateral review." *Id.* at 1096 (internal quotation marks and citations omitted). Since Marshall's petition is explicitly clear that he has not even presented his claims to a state court, much less taken them to the state's highest court, his Petition should be **DISMISSED** as unexhausted.

This Court should also abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*, 401 U.S. 37 (1971); *see also Johnson*, 32 F.4th at 1099 (explaining that unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). The Eleventh Circuit has recently denied a Certificate of Appealability in a state pre-trial detainee's habeas proceeding, concluding that "reasonable jurists would not debate" that dismissal of a § 2241 petition was proper, pursuant to *Younger*. *See Lewis v. Broward Cnty. Sheriff Office*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). The Court explained that "when a

petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief.'" *Id.* (quoting *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004)).

"The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *Lewis,* 2021 WL 5217718, at * 1 (citing *Younger*, 401 U.S. at 45, 53-54). The court concluded: "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Id.* (citing *Younger*, 401 U.S. at 49). Although the Supreme Court in *Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484 (1973), recognized that speedy trial rights may be pursued through a pretrial federal habeas petition, courts have declined to intervene when the petition seeks dismissal of the pending charges, rather than immediate trial. *See In re*

*Justices of Sup. Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17 n. 5 (1st Cir. 2000) (citing *Braden* and *Carden v. Montana*, 626 F.2d 82, 84-85 (9th Cir. 1980)).  Marshall's arguments are, as the Eleventh Circuit has recognized, "a classic case for *Younger* abstention." *Johnson*, 32 F.4th at 1102.  Marshall "believes that he has a potential constitutional defense to [the pending] charges, but . . . he can raise that defense in the state courts of [Georgia]." *Id.*

It is clear from the face of Marshall's Petition, therefore, that his claims are unexhausted and barred by *Younger* abstention.  Accordingly, the petition should be **DISMISSED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 1st day of June, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA